IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARCO ENRIQUE TORRES, Jr.** | ) | |
| | ) | 4:13CV3027 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| **ROBERT HOUSTON** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    The Court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made three claims. Condensed and summarized for clarity, the claims asserted by Petitioner are:

    Claim One:     Petitioner was denied due process because the State of Nebraska withheld over 800 pages of documents (*Brady* violation) which prevented him from preparing a proper defense.

    Claim Two:     Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment because trial counsel (1) failed to conduct an independent investigation or perform adequate discovery; (2) failed to call witnesses who could have contradicted testimony of the state's witnesses; and (3) failed to develop a viable defense in advance of trial.

    Claim Three:     Petitioner was denied due process of law because the court considered opinion testimony of attorneys who were not part of the kidnapping case.

    Liberally construed, the Court preliminarily decides that Claims One, Two, and Three, as set forth in this Memorandum and Order, are potentially cognizable in federal court. However, the Court cautions that no determination has been made

regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Petitioner also seeks the appointment of counsel. (Filing 4.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). The Court has carefully reviewed the record and finds that there is no need for the appointment of counsel at this time.

Accordingly,

**IT IS ORDERED:**

1. Upon initial review of the Petition (filing 1), the Court preliminarily determines that Petitioner's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. Petitioner's Motion for Appointment of Counsel (filing 4) is denied without prejudice to reassertion.

3. The Clerk of Court is directed to mail copies of this Memorandum and Order and the Petition to Respondent and the Nebraska Attorney General by regular first-class mail.

4. By April 16, 2013, Respondent shall file a motion for summary

judgment or state court records in support of an answer. The Clerk of Court is directed to set a case management deadline in this case using the following text: April 16, 2013: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

5. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

   A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

   B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the Court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

   D. No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in

        opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the Court.

    E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions.

6.    If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

    A.    By April 16, 2013, Respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

    B.    No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review,

and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.

C. Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the Court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the Court.

E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The Clerk of Court is directed to set a case management deadline in this case using the following text: May 16, 2013: check for Respondent to file answer and separate brief.

7. No discovery shall be undertaken without leave of court.

**DATED February 27, 2013.**

                                      **BY THE COURT:**

                                      S/ F.A. Gossett
                                      **United States Magistrate Judge**